[Civ. No. 12230.   Second Appellate District, Division One.—March 19, 1941.]

ELSIE KELLIS, Appellant, v. H. A. LIVINGSTON et al., Respondents.

Daly B. Robnett and James W. Reitz for Appellant.

Hooper & Miller and Lloyd O. Miller for Respondents.

YORK, P. J.—Appellant in her complaint for damages for breach of contract alleged that on August 10, 1933, in consideration for valuable services rendered by her to respondents for approximately two years theretofore in experimenting with and developing the manufacture of corrective brassieres, and particularly the garment known as Lov-é Brassiere, an agreement was entered into whereby the respondents agreed to grant to her the exclusive right to purchase from them "Lov-é Brassieres manufactured by them at wholesale prices to be distributed by the plaintiff in the

City of Cleveland, Ohio, and surrounding territory, namely the states of Ohio, Indiana, Illinois, Michigan, Western Pennsylvania and Western New York.''

It was further alleged that respondents agreed to sell the brassieres to appellant in wholesale lots at wholesale prices and appellant agreed to purchase the same for sale and distribution by her at wholesale or retail throughout the territory covered by the agreement, and that ''the exclusive right of plaintiff as distributor to purchase and distribute the said product throughout the territory should continue so long as the plaintiff might desire and the defendants should engage in the manufacture and sale of Lov-é Brassieres.'' Also, that appellant entered upon the performance of the contract in the city of Cleveland, Ohio, and during the period from August, 1933, to July, 1936, duly performed all the terms and conditions of the agreement by devoting her entire time to advertising, exploiting, demonstrating and building up a demand for the garment throughout the territory covered by the agreement, and in so doing expended approximately the sum of $10,000; that she purchased from respondents a large quantity of the product which she sold and distributed throughout said territory and realized a profit of approximately $10,000; that on July 22, 1936, respondents wilfully and without cause gave appellant notice of termination of her exclusive right to purchase and distribute the brassieres throughout the territory mentioned, and in violation of their agreement with her, said respondents made sale of the said product and thereafter continued so to do to sundry merchants and other persons in the city of Cleveland and elsewhere throughout the said territory.

It was then alleged that by reason of the breach of said agreement by respondents, appellant suffered general damages in the sum of $100,000; that relying upon her agreement for the exclusive sale of the said brassieres, she also suffered damages in the amount of $3,000 which sum she expended in leasing and furnishing a storeroom in the said city of Cleveland; and that through the termination of her contract by the respondents she was forced to close her storeroom thereby suffering damages in the sum of $1875 on account of rental for the months of August to December, 1936, for which she became liable under her lease; or a total damage of $104,875.

At the conclusion of the trial before the court sitting without a jury, judgment was entered in favor of the respondents. This appeal is prosecuted from such judgment.

Appellant urges (1) that sixteen of the twenty-three specific findings of fact made by the trial court are not supported by the evidence; (2) that the letters admittedly written by respondents conclusively prove a contract of exclusive agency in favor of appellant, and that the question of their legal effect is one of law and not of fact; (3) that respondents are estopped to deny appellant's exclusive agency by reason of their having induced her to expend large sums of money building up the business relying upon their repeated assurances conveyed by letter that appellant was the exclusive owner of the right to distribute their product in the city of Cleveland and surrounding territory.

In presenting her first point appellant states, "we are not unmindful of the general rule that where the evidence is conflicting this court will not disturb a finding if there is any proper evidence to sustain the same. We contend, however, that where, as in this case, the defendants have by many letters which they admit they wrote, stated definitely that plaintiff had the exclusive right to distribute, handle and sell defendants' product, that the meaning and effect of these writings is a question of law, and that oral testimony of the defendants contrary thereto cannot be considered and does not constitute a legal conflict in the evidence, but that such writings are conclusive. We do contend that the oral evidence which is not conflicting with such writings is proper to be considered in order that the court may have the background."

Throughout the trial it was contended by appellant that she had an exclusive agency for the territory in question by virtue of an oral contract entered into between herself and the respondents just prior to the time she left for Cleveland, which gave her the exclusive selling rights in that city and other territory, "so long as plaintiff might desire and the defendants should engage in the manufacture and sale of Lov-é Brassieres."

With respect to this question it was found by the court as follows: "V. That it is not true that the plaintiff and the defendants or either of them, ever agreed, or that any agreement was ever entered into, either orally or in writing, that the plaintiff should have the exclusive right as distributor or

otherwise to purchase and distribute the said product in the City of Cleveland and northern Ohio, or at any other place, as long as the plaintiff might desire and as long as defendants should engage in the manufacture and sale of said Lov-é Brassieres, or as long as the plaintiff might desire, or as long as defendants should engage in the manufacture and sale or manufacture or sale of the said Lov-é Brassiere.

"VI. That the true facts are that some time during the month of July, 1933, the defendants did agree orally with the plaintiff that she could sell the Lov-é Brassiere in Cleveland, Ohio, and that they would furnish her with the Lov-e' Brassieres at wholesale prices, and that she was to be entitled to sell the product in Cleveland, Ohio, under the same terms as she had been selling them in the City of Long Beach, California, in which said place she did not have the exclusive right.

"VII. That after this oral agreement was entered into as set forth in the preceding paragraph and some time in the latter part of July, 1933, the plaintiff went to the City of Cleveland, Ohio, which was her former home, and began selling the Lov-é Brassieres in the said City of Cleveland and that she continued to sell the said Lov-é Brassieres in the City of Cleveland until some time in the month of August, 1936.

"VIII. That on November 18, 1933, the defendants sent plaintiff a written statement in which they did agree to sell their product to no other retailer in the City of Cleveland, Ohio, for a period of one year, and which said agreement continued in force for one year, and which terminated on November 18, 1934."

It was further found by the court that during the time appellant sold said product in Cleveland (July, 1933, to August, 1936) "she paid for her advertising, rental of stores and expenses incidental to the carrying on and conducting of her business of the sale of the said Lov-é Brassieres, but that it is not true that she expended approximately the sum of $10,000 in advertising, traveling expenses and other sundry expenses whereby she created a demand for said product throughout the said territory of Cleveland and northern Ohio.

. . . . . . . . . . . .

"XVII. That it is not true that the plaintiff on or about the 15th day of March, 1936, or any other time or at all, expended in fitting up any store room with furniture and

fixtures, or any other equipment, approximately the sum of $3,000, or any other sum in excess of $500, and that the defendants never obligated themselves and are not obligated to pay any of said sum or sums whatsoever which the plaintiff may have expended for fitting up said store room with furniture, fixtures and equipment.''

As is usual in cases of this character, the evidence introduced by the parties hereto presents two entirely different versions of what took place between them. ▮ It is well settled that ''where the testimony is substantially conflicting, the appellate court in support of the decision or verdict will assume the testimony of the prevailing party to be true and construe it as favorably as possible in his favor.'' (2 Cal. Jur. 926.) Therefore, it is beyond the power of this court to interfere, unless, as appellant contends, the letters written by respondents contain statements and admissions which support appellant's theory, and thus offset the conflict created by respondents' evidence.

We have carefully read the correspondence which passed between the parties hereto and which was duly considered by the trial court, and find that it contains no statements or admissions inconsistent with the findings of fact. While it is true that some inferences in support of appellant's contentions might fairly be drawn from part of such evidence, that is equally true with respect to respondents' claims. At least, these letters do not prove any meeting of the minds or mutual binding agreements, as alleged in the complaint herein.

Since these questions were for the trial court to determine, its conclusions either way are conclusive upon appeal. The record discloses ample evidence in support of the trial court's findings.

The judgment appealed from is affirmed.

Doran, J., and White, J., concurred.